IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

JOHNISHA PROVOST,
Individually, Natural Guardian and Next
Friend of M. R.H., a minor,
and LAKESHA MACKLIN, Individually and
Next Friend of R. J. M., a minor
And K. D. H., a minor,
as a wrongful death beneficiaries
of RODNEY HESS
 (deceased),
PLAINTIFFS,

v.                                                                   1:17-cv-01060

CROCKETT COUNTY,
TENNESSEE, and
CAPTAIN JORDAN
SPRAGGINS,

DEFENDANTS.

COMPLAINT
JURY DEMANDED

1.  COMES NOW THE PLAINTIFF, Johnisha Provost, individually and as Mother and Natural Guardian of M.R.H., a minor, and Lakesha Macklin, individually and as Mother and Natural Guardian of R.J.M., a minor, and K.D.H., a minor, the heirs at law and wrongful death beneficiaries of Rodney Hess, deceased, by and through the undersigned counsel files this their Complaint for damages pursuant to the Governmental Tort Liability Act, §29-20-101, *et seq*. ("GTLA"), 42 USC §1983[1],  42 USC § 1988,

---

[1] This Court has subject matter jurisdiction of this action pursuant to 28 USC Section 1331 (Federal Question).  Venue is proper in this district as the Defendants all reside or are deemed to

Tenn. Code Ann. § 8-8-302, and Rule 1 of the Federal Rules of Civil Procedure and in support thereof states as follows:

1. Plaintiff, Johnisha Provost, individually and as Mother and Natural Guardian of M.R.H., a minor, and Lakesha Macklin, individually and as Mother and Natural Guardian of R.J.M., a minor, and K.D.H., a minor were at all times relevant to this action an adult and minor resident citizens of Galveston, Galveston County, Texas (Provost) and adult and minor residents of Memphis, Shelby County, Tennessee (Macklin). Plaintiffs are the mothers of the minor children[2] of the deceased Rodney Hess and bring this action as mothers and next friends of the minor children wrongful death beneficiaries of Rodney Hess.

2. Defendant, Crockett County is a county duly incorporated under the laws of the State of Tennessee. Defendant, Crockett County is the owner and operator of the Crockett County Sheriff's Department. Crockett County can be served by serving Gary Reasons, Crockett County Mayor, or Ernest Bushart, Crockett County Court Clerk, at 1 S. Bell Street Alamo, Tennessee 38801.

Crockett County, Tennessee is liable for the violation of Rodney Hess' constitutional rights because it was pursuant to a policy, custom, ordinance, regulation, decision, edict or act of a policymaker in failing to properly, train, supervise, discipline, retain, or hire Spraggins. These policies, customs, ordinances, regulations, decisions, edicts or acts of the policymaker under the color of state law were the moving force in the injuries and damages to Rodney Hess.

---

reside in this district pursuant to 28 USC § 1391.

[2] Plaintiffs are wrongful death beneficiaries of Rodney Hess and entitled to pursue this action in in individual capacity in behalf of Rodney Hess by an through their mothers and natural guardians pursuant to Tenn. Code. Ann. § 20-5-106.

Crockett County, Tennessee is liable for the intentional acts and conduct of Spraggins which constitutes under the color of state law and the office of deputy Sheriff pursuant to Sections §8-8-302, and §8-8-303.

Crockett County, Tennessee is also liable for its negligence in supervising, training, retention, or hiring, of Spraggins pursuant to the GTLA.

3. Captain Jordan Spraggins ("Spraggins") was at all times relevant to this action acting in the course and scope of his employment as a Crockett County deputy, under the color of the office of deputy, under the color of state law, and in his individual and official capacity as a deputy of Crockett County, Tennessee. Spraggins is an adult, his residential status is currently unknown to the Plaintiff but is believed to reside in Crockett County, Tennessee.

4. That on or about March 16, 2017, Spraggins was employed as a deputy sheriff for the Crockett County Sheriff's department, in Crockett County, Tennessee.

5. That on or about March 16, 2017 while in the course and scope of his employment with Crockett County, Tennessee and in his individual capacity and official capacity shot and killed Rodney Hess while he was stationary or retreating from a roadblock in Crockett County, Tennessee.

6. That Crockett County was aware and on actual or constructive notice of disciplinary issues with Spraggins before March 16, 2017.

7. That Crockett County failed to adequately train Spraggins.

8. That Crockett County failed to adequately supervise Spraggins.

9. That Crockett County failed to adequately discipline Spraggins.

10. That Crockett County failed to adequately establish policies and procedures to adequately ensure the safety of the motorists of Crockett County.

### FIRST CAUSE OF ACTION AGAINST CROCKETT COUNTY

11. The allegations set forth in the previous paragraphs of this Complaint are Incorporated herein by reference.

12. Crockett County was negligent in hiring of Defendant Spraggins to serve as an Sheriff's Deputy in light of the character and qualifications of Defendant Spraggins.

13. As a direct and proximate result of the negligence of Defendant's hiring of Spraggins, Plaintiffs suffered the injuries and damages as specifically described herein. Defendant, Crockett County, is liable for the negligence of its employees, as Tennessee's Governmental Tort Liability Act has removed immunity.

### SECOND CAUSE OF ACTION AGAINST CROCKETT COUNTY

14. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

15. Crockett County was negligent in continuing to allow Defendant Spraggins to serve as a Sheriff's Deputy in light of the character, qualifications and in light of known instances of prior negligence and improper actions of Defendant Spraggins.

16. As a direct and proximate result of the negligence of Defendant's retention of Spraggins, Plaintiff suffered the injuries and damages as specifically described herein. Defendant, Crockett County, is liable for the negligence of its employees, as Tennessee's Governmental Tort Liability Act has removed immunity.

### THIRD CAUSE OF ACTION AGAINST CROCKETT COUNTY

17. The allegations set forth in the previous paragraphs of this Complaint are

incorporated herein by reference.

18. Crockett County was negligent in their training of Defendant Spraggins.

19. As a direct and proximate result of the negligence of Defendant's training of Spraggins, Plaintiff suffered the injuries and damages as specifically described herein. Defendant, Crockett County, is liable for the negligence of its employees, as Tennessee's Governmental Tort Liability Act has removed immunity.

### FOURTH CAUSE OF ACTION AGAINST CROCKETT COUNTY

20. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

21. Crockett County was negligent in their supervision of Defendant Spraggins.

22. As a direct and proximate result of the negligence of Defendant's training of Dortch in traffic stops and the proper use of force and deadly force, Plaintiffs suffered the injuries and damages as specifically described herein. Defendant, Crockett County, is liable for the negligence of its employees, as Tennessee's Governmental Tort Liability Act has removed immunity.

### FIFTH CAUSE OF ACTION AGAINST CROCKETT COUNTY

23. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

24. At all times relevant to this action, Spraggins was acting by virtue of or Under color of state law and the office of the Sheriff and to the extent that Plaintiff was injured and/or his injuries were aggravated because of the action and/or inactions of a deputy sheriff in assaulting, battering, and killing Rodney Hess by shooting him during

the course of a traffic stop, Plaintiff hereby asserts a claim for relief under Tenn. Code. Ann. §8-8-302.

## SIXTH CAUSE OF ACTION AGAINST CROCKETT COUNTY

25. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

26. Defendant Crockett County, its officers, agents and employees committed the above described actions and omissions under color of law, substantially depriving Rodney Hess of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 USC §1983 and deprived Rodney Hess of rights guaranteed to him by the Fourth Amendment of the United States Constitution including, but not limited to, freedom from excessive force, unreasonable search, unreasonable seizure and unreasonable application of deadly force.

27. Prior March 16, 2017, Defendant Crockett County permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its officers, knowing that said practice violated Plaintiff's and others' free exercise and enjoyment of rights and privileges secured to them by the Constitution of the United States of America and the Constitution of the State of Tennessee in failing to properly train officers such as Spraggins in the use of deadly force as evidenced by the excessive force claims against Phil Parks and Steven Hooks in *McCoy v. Reasons*, 1:12-cv-01211-JDB-egb (W.D. Tenn) ("*McCoy* claims")

28. Defendant Crockett County directly or with deliberate indifference, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of its employees, by failing to enact proper procedures and policies.

Defendant has approved, condoned, and ratified the unlawful conduct of its employees and agents.  Specifically, the County acted in deliberate indifference to Plaintiff's health and welfare by failing to properly train the Deputy Spraggins and other Crockett County deputies in the reasonable use of deadly force, and this failure was a proximate cause of the death of Rodney Hess.

29. The direct and proximate result of this Defendant's acts was that Plaintiff suffered severe injuries as set forth herein.

36. On and before March 16, 2017, Sheriff Kyle was the law enforcement policymaker for Crockett County, Tennessee regarding the training of Crockett County deputies in dealing with the use of force.    The *McCoy* claims indicate a custom, pattern or practice of excessive force within the Crockett County deputies.   Klyce's consistent failure to properly train deputies of Crockett county in this area as evidenced by the *McCoy* claims would lead to the death of Rodney Hess.   Crockett County, Tennessee is liable for this policy of inadequate training by its policymaker's as this conduct amounts to deliberate indifference   which proximately resulted in injuries and damages to the Plaintiff.

37. On and before March 16, 2017, Sheriff Troy Klyce was the law enforcement policymaker for Shelby County, Tennessee regarding the implementation of the use of force policy promulgated by Sheriff Klyce.    They *McCoy* claims reveal a pattern of implementation of the use of force policy that violates the Constitution.    Klyce's implicit or explicit ratification of this unconstitutional implementation of the use of force policy by failing to discharge deputies such as Spraggins or failing to provide them with remedial training or other discipline or training evidences a deliberate indifference to the

rights of Plaintiff.    Crockett County, Tennessee is liable for this ratification of its policymaker(s) which proximately resulted in the injuries and damages to Plaintiff.

38.  On and before March 16, 2017, Sheriff Troy Klyce was the law enforcement policymaker for Crockett County, Tennessee regarding the supervision of deputies.    The *McCoy* claims indicates a policy, practice of custom of failure to supervise  Shelby County deputies prior to March 16, 2017.  Klyce's consistent failure to properly train deputies of Crockett county in this area as evidenced by the *McCoy* claims had a highly predictable consequence that this failure of training would lead to the death of Rodney Hess.    Crockett County, Tennessee is liable for this policy of inadequate training by its policymaker's as this conduct amounts to deliberate indifference   which proximately resulted in injuries and damages to the Plaintiff.

39.    On and before March 16, 2017, Sheriff Troy Klyce was the law enforcement policymaker for Shelby County, Tennessee regarding the policy, practice, or custom of the municipality.    The *McCoy* claims indicate a policy, practice of custom of excessive force by Crockett County deputies prior to March 16, 2017.  Klyce knew of this policy, practice or custom by virtue that it appears in the *McCoy* claims.  Klyce acquiesced in this policy, practice, or custom, by failing to properly discipline or train, Spraggins and other Crockett County deputies and the policymaker's acquiesced in this policy or custom had a highly predictable consequence that this failure of training would lead to injuries such as those suffered by the Rodney Hess.   Crockett County, Tennessee is liable for this policy of inadequate training by its policymaker's as this conduct amounts to deliberate indifference and proximately resulted in damages to the Plaintiff.

## SEVENTH CAUSE OF ACTION AGAINST CROCKETT COUNTY

40.  The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

41.  Plaintiff hereby assets all common law claims against Jordan Spraggins for the intentional acts against Rodney Hess including, death, which contributed to and caused the injuries to Rodney Hess.

42. That as due to outrageous conduct and intentional acts of this Defendant, and award of punitive damages is just and proper.

### FIRST CAUSE OF ACTION AGAINST JORDAN SPRAGGINS

43. The allegations set forth in the previous paragraphs of this Complaint are Incorporated herein by reference.

44.  Plaintiff hereby asserts all common law claims resulting from the intentional actions of Defendant Spraggins and constitute assault, battery and other intentional torts.

45.  Defendant, Spraggins's intentional actions in the form of firing his weapon at Rodney Hess without cause resulted in injury to Plaintiff.

46.  The direct and proximate cause of this Defendant's acts are the injuries of Rodney Hess.

47.  That due to the outrageous conduct and intentional acts of this Defendant, an award of punitive damages is just and proper.

### DAMAGES

48.  As a proximate result of the foregoing conduct of the Defendants, the Plaintiffs sustained the following damages for the death of Rodney Hess:
1. The mental and physical suffering actually endured by the injured party between the injury and death;

2. Medical expenses necessitated by the injury, including expenditures for doctors, nurses, hospital care, medicine and drugs;

3. Reasonable funeral expenses; and

4. Loss of earning capacity during the period from injury to death.

5. present cash value of the pecuniary value of the life of the deceased including without limitation tangible services provided by a Rodney Hess to his children, as well as intangible benefits each family member receives from the continued existence of other family members.  Such intangible benefits include love, affection, attention, education, guidance, care, protection, training, companionship and cooperation that the [children] would reasonably be certain to have received during the life of the deceased.

6. Punitive Damages as described in the foregoing paragraphs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants on each count of the Complaint and seeks the following relief:

   a. Issue service of process and serve Defendants;

   b. Grant any reasonable request to Amend Plaintiff's Complaint to conform to the discovery and evidence obtained in this matter;

   c. Award the Plaintiff not less than $4,000,000.00 in compensatory damages due to the actions of the Defendants;

   d. Award the Plaintiff punitive damages in an amount not less than $4,000,000.00.

   e. Grant the Plaintiff pre-judgment and post-judgment interest;

   f. Award the Plaintiff attorneys fees and suit expenses pursuant to § 1988(b); and

   g. Grant the Plaintiff all such further relief as the Court may deem just and proper.

**A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES WHEN JOINED.**

Respectfully submitted,

/S/DRAYTON D. BERKLEY
**DRAYTON D. BERKLEY, ESQ. (BPR 022601)**
**Attorney for Plaintiff**
The Businessmen's Club
119 South Main Avenue, Suite 500
Memphis, Tennessee 38103
attorneyberkley@gmail.com

11