# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

JOHNISHA PROVOST,
Individually, Natural Guardian and Next
Friend of M. R.H., a minor,
and LAKESHA MACKLIN, Individually,
Natural Guardian and
Next Friend of R. J. M., a minor
And K. D. H., a minor,
as a wrongful death beneficiaries
of RODNEY HESS
 (deceased),
PLAINTIFFS,

                                                 1:17-cv-01060-STA-egb

v.

CROCKETT COUNTY,
TENNESSEE,  and
CAPTAIN JORDAN
SPRAGGINS,

DEFENDANTS

## MEMORANDUM IN SUPPORT MOTION TO EXCLUDE OR LIMIT

I.        INTRODUCTION

This civil action arises out of the wrongful death of Rodney Hess at the hands of Captain Jordan Spraggins of the Crockett County, Tennessee Sheriff's department.   The Defendants expert's opinions are either proscribed by prevailing precedent in whole or in part or outside the scope of police practices expert testimony in whole or in part and are therefore subject to be excluded limited in whole or in part.

II.       RELEVANT FACTS

The relevant expert opinions are set forth in Declaration of John J. Ryan [DE 43-11] and will not be repeated herein for the sake of brevity.

III. ANALYSIS

1. <u>The Sixth Circuit Police Practices Expert Testimony Standard</u>

In *Helfrich v. Lakeside Park Police Depart.,* 497 Fed. Appx. 500, 507 (6th Cir. 2012), and *Jones v. Garcia,* 345 Fed. Appx. 987, 990 (6th Cir. 2009) the Sixth Circuit held it is a jury determination as to whether a police officer used objectively unreasonable force. Specifically, the determination of whether an officer's use of force was objectively unreasonable is within the competence of a lay jury. *Hubbard v. Gross*, 199 Fed. Appx 433, 442 (6th Cir. 2006). This is an objective determination and the officer's subjective state of mind is irrelevant. *Helfrich*, 507-08. A police practices expert opinion is inadmissible when not based in fact. *Cutlip v. City of Toledo*, 488 Fed. Appx. 107, 120 (6th Cir. 2012). A police practices expert opinion is inadmissible when it reaches legal conclusions. *DeMerrell v. City Cheboygan*, 206 Fed. Appx. 418, 426-27 (6th Cir. 2006). A police practices expert opinion is inadmissible when it makes factual determinations which are the province of the jury. *See Champion v. Outlook Nashville*, 380 F.3d 893, 908 (6th Cir. 2004) (expert opinion must be couched in terms of if witness testimony is credited); *McDonald v. City of Memphis,* 2016 WL 8201168[1], Slip Op at 10 (W.D.Tenn. August 26, 2016); *Maverick Group Marketing v. Worx Environmental Products, Ltd*, 2015 WL 1200126[2], Slip Op at 2 (W.D.Tenn. August 7, 2015); *Thomas v. Barze*, 57 F.Supp. 3d 1040, 1061 (D. Minn).

2. <u>Application to Police Practices Expert Testimony</u>

---

[1] This case is filed under docket number 2:12-cv-2511-SHL-dkv.
[2] This case is filed under docket number 2:13-cv-02268-STA-tmp.

A. <u>Ryan's Opinions contrary to Established Sixth Circuit Precedent</u>

In *Smith v. Cupp*, 430 F.3d 766, 773-77 (6th Cir. 2005), the Sixth Circuit held under strikingly similar circumstances that an officer's use of deadly force is objectively unreasonable when he fires on driver while positioned to the driver's side of his vehicle. This holding applies with equal force when a fellow officer is positioned on the side of the vehicle. *Id*. In *Sigley v. Pharma Heights*, 437 F.3d 527, 533-37 (6th Cir. 2006), the Sixth Circuit held under strikingly similar circumstances that an officer's use of deadly force is objectively unreasonable when he fires on a driver while positioned behind the driver's vehicle. In *Hermiz v. City of Southfield,* 484 Fed. Appx. 13, 15-17 (6th Circ. 2012), the Sixth Circuit held under strikingly similar circumstances that an officers' use of deadly force is objectively unreasonable when he fires on a driver while positioned to the side of the vehicle. In *Godawa v. Byrd*, 798 F.3d 457, 466-68 (6th Cir. 2015), the Sixth Circuit held under strikingly similar circumstances that an officer's use of deadly force is objectively unreasonable when fires on a driver while positioned on the rear passenger side. *Godawa* also established that *Cupp* established controlling precedent in the Sixth Circuit that an officers utilization of deadly force when positioned to the side of the vehicle is objectively unreasonable. *Id*. In *Latits v. Phillips*, 878 F.3d 541, 552 (6th Cir. 2017), the Sixth Circuit held that it reviews the videotape and when the video is lacking or subject to interpretation accepts the nonmoving party's version at the summary judgment stage. The Court held that *Sigley* and *Cupp* were controlling authority, *Id*. at n. 8, for a driver who was initiating flight. *Id*. at 553. The facts establishing that Spraggins and Irvin were positioned to the side of Hess' vehicle are

uncontrovertibly established by the Irvin's dash camera video, Irvin's body camera video, Towater's dash camera video, and Hess' cell phone video[3] and the testimony of Jim Knox, Jordan Spraggins, Neal Towater, and Jimmy Irvin[4]. Thus, Ryan's opinions are nothing more than legal conclusions that conflict with the established Circuit precedent. It should excluded or limited in its entirety.

Ryan's specific opinions that amount to conclusions of law or legal determinations are the following:

Paragraph 110 in its entirety. Not only is this opinion foreclosed by the foregoing Sixth Circuit precedent, Ryan utilizes the term "legal mandates" in expressing this opinion.

Paragraph 111: [A]ny reasonable and well trained officer. Not only is this opinion foreclosed by the foregoing Sixth Circuit precedent, Ryan utilizes the term "reasonable" in expressing this opinion. This is a legal conclusion that would be the jury's determination if the Sixth Circuit had not already ruled upon the issue.

[T]he steps taken by the officers including calling for backup, setting up containment of the vehicle, coordinating with each other, and attempting to communicate with Hess were all consistent with generally accepted policy, practice, training, and legal mandates trained to officers for application in the field for dealing with someone who is in crisis or impaired. Not only is this opinion foreclosed by *Champion v. Outlook Nashville*, 380 F.3d 893 (6th Cir. 2004), Ryan utilizes the term "legal mandate" in expressing this opinion. This is a legal

---

[3] DE 51.
[4] DE 47-1, 47-3, 47-6 and 47-8.

conclusion that would be the jury's determination if the Sixth Circuit had not already ruled upon the issue.

Paragraph 112:   [T]he use of force by Captain Spraggins was consistent with generally accepted law enforcement policies, practices, training, and legal mandates trained to officers for application in field operations.   This is a legal conclusion that would be the jury's determination if the Sixth Circuit had not already ruled upon the issue.

Paragraph 114:   [A]ny reasonable and well trained officer…… active resistance …. Evade arrest.   Not only is this opinion foreclosed by the foregoing Sixth Circuit precedent, Ryan utilizes the terms "reasonable" and "active resistance" in expressing this opinion.

Paragraph 116:   [I]t is clear why a reasonable offer would perceive.   Not only is this opinion foreclosed by the foregoing Sixth Circuit precedent, Ryan utilizes the term "reasonable" in expressing this opinion.

Paragraph 117:   [T]he officers would have probable cause.   This is a legal conclusion and an invasion of the province of the jury.

Paragraph 123 in its entirety.   Not only is this opinion foreclosed by the foregoing Sixth Circuit precedent, Ryan utilizes the terms "legal mandates", "reasonable", and "justified" in expressing this opinion.

Paragraph 124:   [T]he actions of Sheriff Klyce were consistent with … legal mandates.   This is a legal conclusion and the province of the jury.

<u>Paragraphs 125, 127, and 128 in their entirety</u>. Ryan purports to undertake a 12(b)(6) analysis of the First Amended complaint that is the province of the trial judge. This is a legal conclusion and an invasion of the province of the jury.

<u>Footnotes 1 and 2 in their entirety</u>.

  B. <u>Ryan's Opinions based on Factual Determinations that are the Province of the Jury</u>

Ryan's opinions decree what the facts are and usurp the jury's function as the finder of fact. Ryan's specific opinions that amount to findings of fact are the following:

Paragraph 79: <u>Hess' vehicle reversing directly toward Irvin.</u> This is Ryan's interpretation and finding of fact regarding the video and not the jury's determination.

Paragraph 81: <u>[O]nce the vehicle moves in Irvin's direction, Irvin retreats backwards to avoid being struck.</u> This is Ryan's interpretation and finding of fact regarding the video and not the jury's determination.

Paragraph 95: <u>More importantly, even a successful use of stop sticks once Hess moved the vehicle would not have changed any danger to offices or others presented by the moving vehicle.</u> This is Ryan's interpretation and finding of fact regarding the video and not the jury's determination. This also constitutes a legal conclusion contrary to established Sixth Circuit precedent. See A., above.

Paragraph 96: <u>[O]ther citizens were on the roadway in proximity to Hess that were endangered by his conduct.</u> This is Ryan's interpretation and finding of fact regarding the video and not the jury's determination.

Paragraph 105: <u>It is clear from Irvin's MVR that Irvin was trying to communicate with Mr. Hess without success.</u> This is Ryan's interpretation and finding of fact regarding the video and not the jury's determination.

<u>It is also clear from the video, that when Hess reversed the left front of his vehicle went directly at Irvin and that Hess' front tire is on a path to Irvin who is in close proximity to the vehicle and in a funnel between his own vehicle and Hess' vehicle.</u> This is Ryan's interpretation and finding of fact regarding the video and not the jury's determination.

Paragraph 113: <u>It is evident from the video that officers were taking steps to isolate Hess when Hess made the decision to move his vehicle. A number of civilian witnesses observed movement of Hess' vehicle before shots were fired. The movement of the vehicle exacerbated the dynamic nature of this event. It is clear from the video that once Hess moved his vehicle, Spraggins was in a split-second decision making event</u>. This is Ryan's interpretation and finding of fact regarding the video and not the jury's determination.

Paragraph 114: <u>Spraggins observed Mr. Hess move his vehicle in a manner that Spraggins perceived as a threat of serious bodily harm or death or Irvin ….. [T]he perception and reality that Hess' vehicle posed a serious threat of serious bodily harm or death to Irvin…. Hess' offense of driving a vehicle at an officer was extremely serious. [Al]l law enforcement officers are aware. … [H]ess did not cooperate with the officers at any stage of this event.</u> This is Ryan's interpretation and finding of fact regarding the video and not the jury's determination. These opinions also constitute legal conclusions and are in conflict with the foregoing Sixth Circuit precedent at A. above.

<u>Paragraphs 126 and 129 in their entirety</u>:   This is Ryan's interpretation and finding of fact and not the jury's determination.

    C.   <u>Ryan opinion contradicted by Evidence</u>

Paragraph 111:   <u>[O]fficers had no information that Hess was suffering from a mental health issue</u>.   Spraggins knew that Hess appeared mentally unbalanced. DE 47-3, PageID 533-534.

    D.   <u>Ryan Opinion based on speculation</u>

Paragraphs 114-120 rely upon a use of force policy not relevant to Crockett County, Tennessee or Jordan Spraggins.   DE 47-3 Page ID 455-456, P564-567.

IV. CONCLUSION

   The Court should exclude Ryan's opinions in whole or in part consistent with well-settled precedent.

                          Respectfully submitted,

                          /S/<u>DRAYTON D. BERKLEY</u>
                          **DRAYTON D. BERKLEY, ESQ. (BPR 022601)**
                          **Attorney for Plaintiff**
                          The Businessmen's Club
                          119 South Main Avenue, Suite 500
                          Memphis, Tennessee 38103
                          attorneyberkley@gmail.com

<u>**CERTIFICATE OF SERVICE**</u>

   I, Drayton D. Berkley, do hereby certify that I have this day hand-delivered, or served by e-mail, a true and correct copy of the above and foregoing document to:

Mr. Jon A. York
Pentecost, Glenn, Maudlin & York
106 Stonebridge Blvd
Jackson, TN 38305

   This the 10th day of May 2018.

/s/Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**