**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

JOHNISHA PROVOST,
Individually, Natural Guardian and Next
Friend of M. R.H., a minor,
and LAKESHA MACKLIN, Individually,
Natural Guardian and
Next Friend of R. J. M., a minor
And K. D. H., a minor,
as a wrongful death beneficiaries
of RODNEY HESS
 (deceased),
PLAINTIFFS,

                                                   1:17-cv-01060-STA-egb

v.

CROCKETT COUNTY,
TENNESSEE, and
CAPTAIN JORDAN
SPRAGGINS,

DEFENDANTS

**MEMORANDUM IN SUPPORT RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

    I.        INTRODUCTION

This civil action arises out of the wrongful death of Rodney Hess at the hands of Captain Jordan Spraggins of the Crockett County, Tennessee Sheriff's department. Spraggins actions constitute a violation of Hess' constitutional rights to free of objectively unreasonable deadly force and this right was clearly established prior to March 16, 2017.    Thus, Spraggins is not entitled to qualified immunity and his motion

for summary judgment must fail. Moreover, Sheriff Troy Klyce ratified Spraggins actions and rendered the municipality liable to the Plaintiffs consistent with *Monell*[1].

II.   RELEVANT FACTS

The relevant material facts are set forth in the contemporaneous response to Defendants' statement of undisputed material facts, motion to strike, and motion in limine or to exclude [DE 52] and are incorporated herein by reference.

III.  ANALYSIS

1. The Sixth Circuit Summary Judgment Standard

In *Tolan v. Cotton*, 134 S.Ct. 1861, 1865-68 (2014), the Court held at the summary judgment stage, all evidence[2] is reviewed in the light most favorable to the non-movant and all factual inferences are drawn in favor of the non-moving party. A court misapprehends summary judgment standards when it attempts to credit or weigh testimony or other evidence in favor of the movant. *Tolan*, 1867-68. In *Latits v. Phillips*, 878 F.3d 541, 552 (6th Cir. 2017), the Sixth Circuit held that it reviews the videotape(s) and when the video(s) is lacking or subject to interpretation accepts the nonmoving party's version at the summary judgment stage. The district court must deny the summary judgment motion if Plaintiff shows a genuine issue of material fact exists that (1) the defendant violated a constitutional right and (2) that right was clearly established. *Quigley*m*v. Tuong Vinh Thai*, 707 F.3d 675, 680-681 (6th Cir. 2013). at 680. Specifically, the district court must deny the summary judgment motion if the plaintiff's

---

[1] *Monell v. Department of Social Services*, 436 US 658 (1978).   Plaintiffs will not contest that Sheriff Klyce, in his individual capacity, is entitled to summary judgment.
[2] .In *Brainard v. American Akandia Life Assurance Corp.* 432 F.3d 655, 667-668 (6th Cir. 2005), the Sixth Circuit articulated the standard currently codified at Rule 56(c) that all motions for summary judgment must set forth facts that would be admissible into evidence. A motion to strike should be granted for inadmissible material supporting a summary judgment motion and should be ruled upon before proceeding to consider a summary judgment motion. *Id*. at 667.

evidence creates an issue of material fact that the plaintiff's evidence would reasonably support a jury's finding that the defendant violated a clearly established right. *McDonald v. Flake*, 814 F.3d 804, 812 (6th Cir. 2016). The Defendant is only entitled to a grant of summary judgment is he, she, or it can show that there are no issues of material fact and he, she or it is entitled to judgment as a matter of law.   *Tolan*, 1865-1866.

    2.    <u>Jordan Spraggins is not entitled to qualified immunity.</u>

In *Smith v. Cupp*, 430 F.3d 766, 773-77 (6th Cir. 2005), the Sixth Circuit held under strikingly similar circumstances that an officer's use of deadly force is objectively unreasonable when he fires on driver while positioned to the driver's side of his vehicle. This holding applies with equal force when a fellow officer is positioned on the side of the vehicle.   *Id*.   In *Sigley v. Pharma Heights*, 437 F.3d 527, 533-37 (6th Cir. 2006), the Sixth Circuit held under strikingly similar circumstances that an officer's use of deadly force is objectively unreasonable when he fires on a driver while positioned behind the driver's vehicle.   In *Hermiz v. City of Southfield,* 484 Fed. Appx. 13, 15-17 (6th Circ. 2012), the Sixth Circuit held under strikingly similar circumstances that an officers' use of deadly force is objectively unreasonable when he fires on a driver while positioned to the side of the vehicle.   In *Godawa v. Byrd*, 798 F.3d 457, 466-68 (6th Cir. 2015), the Sixth Circuit held under strikingly similar circumstances that an officer's use of deadly force is objectively unreasonable when fires on a driver while positioned on the rear passenger side.   *Godawa* also established that *Cupp* established controlling precedent in the Sixth Circuit that an officers utilization of deadly force when positioned to the side of the vehicle is objectively unreasonable.   *Id*.   In *Latits v. Phillips*, 878 F.3d 541, 552 (6th Cir. 2017), the Sixth Circuit held that it reviews the videotape and when the video is

3

lacking or subject to interpretation accepts the nonmoving party's version at the summary judgment stage.   The Court held that *Sigley* and *Cupp* were controlling authority, *Id*. at n. 8, for a driver who was initiating flight.   *Id*. at 553.   Thus, the Sixth Circuit has held that driver who may have been initiating flight has a clearly established right to be free of objectively unreasonable deadly force when the officer is positioned to the side of his vehicle pursuant to the foregoing authority[3].   Moreover, this right was clearly established no later than 2005 when the *Cupp* decision was issued.   Lattis, n.8.

Applying the foregoing authority, Spraggins is not entitled to qualified immunity. Spraggins and Irvin were positioned to the driver's side of Hess' vehicle.   Irvin's dash camera video,  Irvin's body camera video, Towater's dash camera video, and Hess' cell phone video[4] and the testimony of Jim Knox, Jordan Spraggins, Neal Towater, and Jimmy Irvin[5].   Moreover, Jordan Spraggins did not begin shooting until Hess was already headed toward Maury City and  Irvin was not in any danger.    Thus, Spraggins use of deadly force against Hess was objectively unreasonable as a matter of law.

3.    Sheriff Troy Klyce ratified Jordan Spraggins conduct.

In *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013), the Sixth Circuit

---

[3] The Defendants' reliance upon *Kinsela* is misplaced.    The *Kinsela* Court found that Ninth Circuit precedent was not clearly established that the plaintiff had a right to be free of excessive force while wielding a knife and threatening a bystander on foot.   The *Kinsela* Court found that the facts must be similar to determine if a right is clearly established by prior Circuit precedent. Obviously a suspect approaching a bystander with a knife is factually distinguishable from a driver leaving the scene when the officer is positioned to the side of his vehicle.   Thus, *Kinsela* has no application to the facts at bar.    Moreover, there is well-settled Sixth Circuit precedent involving almost identical facts in the form of *Hermiz* and *Cupp*.

[4] DE 51.

[5] DE 47-1, 47-3, 47-6 and 47-8.

4

held that the municipality is liable consistent with *Monell* when an official with final policy making authority ratifies an illegal action.

Applying the foregoing authority, Crockett County, Tennessee is liable pursuant to §1983 for the application of objectively unreasonable excessive force that caused the death of Rodney Hess.  Klyce is the final law enforcement policy maker for Crockett County, Tennessee.  Klyce ratified Spraggins actions. Irvin body camera video, DE 51. Thus, Crockett County is liable to the Plaintiffs consistent with *Monell*.

    4.    <u>Hess suffered conscious pain and suffering before he died.</u>

In *Alexander v. Beale Street Blues Co. Inc. et al,* 108 F.Supp. 2d 934, 952 (W.D. Tenn. 1999) and R*obinson v. City of Memphis*, 340 F.Supp. 2d 864, 872 (W.D. Tenn. 2004), this Court applied Sixth Circuit precedent to find that damages are limited to the personal damages that the shooting victim has experienced. The survivors are not entitled to recover damages for their losses.  *Id*.

Hess screamed in pain when Spraggins shot him.  Hess cell phone video.  DE 51.  DE 47-8, Page ID 791.  Hess remained in pain and was moaning and remained in pain while Knox and other EMTs were rendering aid to Hess.  DE 47-1, Page ID 352-353.

    IV. CONCLUSION

The Court should deny Jordan Spraggins motion for summary judgment on the grounds of qualified immunity and Crockett County, Tennessee's motion for summary judgment because it incurred *Monell* liability when Sheriff Klyce ratified Spraggins actions.

                              Respectfully submitted,

/s/Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ. (BPR 022601)**
**Attorney for Plaintiff**
The Businessmen's Club
119 South Main Avenue, Suite 500
Memphis, Tennessee 38103
attorneyberkley@gmail.com

## CERTIFICATE OF SERVICE

I, Drayton D. Berkley, do hereby certify that I have this day hand-delivered, or served by e-mail, a true and correct copy of the above and foregoing document to:

Mr. Jon A. York
Pentecost, Glenn, Maudlin & York
106 Stonebridge Blvd
Jackson, TN 38305

This the 6th day of June 2018.

/s/Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**

6